JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Vera Correia and Armando Jorge Correia (w/h)

**DEFENDANTS**
Keen Lake Camping & Cottage Resort, Inc., et al

**(b)** County of Residence of First Listed Plaintiff: Warren County, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Wayne County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Richard A. Godshall, Esq., Ostroff Injury  (610) 279-700
518 E. Township Line Road, Suite 100, Blue Bell, PA 19422

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☒ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
Diversity of Citizenship

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE 8/27/19
SIGNATURE OF ATTORNEY OF RECORD  /s/ Richard Godshall

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VERA CORREIA and : | CIVIL ACTION - LAW |
| ARMANDO JORGE CORREIA (w/h) : | No. _____ |
| 107 Gaisler Road : | |
| Blairstown, NJ 07825, : | |
|                Plaintiffs : | |
|    vs. : | |
| : | |
| KEEN LAKE CAMPING & COTTAGE : | |
| RESORT, INC. : | |
| 155 Keen Lake Road : | |
| Waymart, PA 18472 : | |
| : | |
| and : | |
| : | |
| KEEN LAKE, INC., individually and d/b/a : | |
| KEEN LAKE CAMPING & COTTAGE : | |
| RESORT : | |
| 155 Keen Lake Road : | |
| Waymart, PA 18472 : | |
| : | |
| and : | |
| : | |
| KLCCR, LLC, individually and d/b/a : | |
| KEEN LAKE CAMPING & COTTAGE : | |
| RESORT : | |
| 155 Keen Lake Road : | |
| Waymart, PA 18472 : | |
| : | |
| and : | |
| : | |
| JENNIFER WERTZ, a.k.a. : | |
| JENNIFER KEEN, individually and d/b/a : | |
| KEEN LAKE CAMPING & COTTAGE : | |
| RESORT : | |
| 155 Keen Lake Road : | |
| Waymart, PA 18472, : | |
|                Defendants : | |

## Civil Action Complaint

1.    Plaintiff, Vera Correia (hereinafter, "Plaintiff"), is an adult individual who resides

at the above referenced address, in Warren County, New Jersey.

2. Plaintiff, Armando Jorge Correia (hereinafter, "Plaintiff Husband"), is an adult individual who resides at the above referenced address, in Warren County, New Jersey.

3. At all times relevant to this action, Plaintiff, Vera Correia and Plaintiff, Armando Jorge Correia (hereinafter collectively, "Plaintiffs") were and continue to be wife and husband.

4. Defendants, Keen Lake Camping & Cottage Resort, Inc. is a Pennsylvania corporation, with a principal place of business at the above referenced addressed in Wayne County, Pennsylvania.

5. Defendants, Keen Lake, Inc., individually and d/b/a Keen Lake Camping & Cottage Resort, is a Pennsylvania corporation, with a principal place of business at the above referenced addressed in Wayne County, Pennsylvania.

6. Defendants, KLCCR, LLC, individually and d/b/a Keen Lake Camping & Cottage Resort, is a Pennsylvania limited liability company, with a principal place of business at the above referenced addressed in Wayne County, Pennsylvania.

7. Defendant, Jennifer Wertz, a.k.a. Jennifer Keen, individually and d/b/a Keen Lake Camping & Cottage Resort, is an adult individual who resides and/or has a principal place of business at the above referenced address, in Wayne County, Pennsylvania.

8. Neither Plaintiff nor Plaintiff Husband is a resident of the same state as any of the Defendants and the value of the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. Therefore, this Court has jurisdiction of this action pursuant to complete diversity of citizenship among the parties under 28 U.S.C. § 1332.

9. Upon information and belief, at all times relevant hereto, Defendants, individually, jointly and/or severally, directly and/or by and through their duly authorized agents, ostensible

agents, servants, owned and operated a campground and vacation resort business, known as Keen Lake Camping and Cottage Resort (hereinafter, the "Premises") located at 155 Keen Lake Road, Waymart, Wayne County, Pennsylvania.

10. Upon information and belief, at all times relevant hereto, Defendant, Jennifer Wertz, a.k.a. Jennifer Keen, owned all or part of the real estate upon which the aforesaid campground and resort was operate.

11. At all times relevant hereto, Defendants, individually, jointly and/or severally, directly and/or by and through their respective agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the scope and authority of such relationships owned, possessed, managed, modified, designed, maintained and/or controlled the facilities located within and upon the Premises, including the buildings, cottages, cabins, bathhouses, shower facilities, and bathrooms, and their infrastructures, water heaters, ventilation systems, insulation, heating systems, air conditioning systems, combustion appliances and apparatuses, gas and propane systems, and indoor air quality.

12. On or about September 2, 2017, Plaintiff was upon the Premises as a paying guest of Defendants' resort.

13. At all times material hereto, Plaintiff was a business invitee on the Premises and was owed the highest duty of care by the Defendants.

14. At the aforesaid time and location, Plaintiff was in the shower area of one of the Premises' bathhouses, when she suddenly and without warning began to feel ill, and collapsed in the bathhouse.

15. Immediately following Plaintiff's collapse, Plaintiff was transported by emergency personnel to a hospital for emergency care where she was diagnosed as having carbon monoxide

poisoning.

16. Upon information and belief, less than 24 hours prior to Plaintiff's collapse, emergency personnel had responded to the Premises due another campground guest becoming ill and collapsing in the aforesaid bathhouse.

17. Shortly following Plaintiff's collapse, emergency personnel who had responded to the scene, tested the air quality in the bathhouse, identified excessively high levels of carbon monoxide and determined the exhaust system for a heater was improperly and negligently installed, causing carbon monoxide to collect and accumulate within the bathhouse.

18. Upon information and belief, Defendants, individually, jointly and/or severally, directly and/or by and through their respective agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the scope and authority of said relationships with Defendants, improperly, negligently and carelessly designed, installed, constructed, maintained and/or controlled the aforesaid heater and its exhaust system so as to create and/or permit carbon monoxide to collect and accumulate in the bathhouse.

19. The aforesaid heater and its exhaust system were at all times relevant owned, possessed, managed, constructed, maintained, designed and/or controlled by Defendants, individually, jointly and/or severally, directly and/or by and through their respective agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the scope and authority of their respective relationships with Defendants.

20. At the time of Plaintiff's poisoning, and for a long and excessive time prior thereto, Defendants, individually, jointly and/or severally, directly and/or by and through their respective agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the scope and authority of said relationships with Defendants

negligently and carelessly possessed, managed, modified, controlled and/or maintained the Premises so as to allow carbon monoxide to collect and accumulate in the bathhouse meant for business invitee use.

21. The carbon monoxide in the bathhouse that poisoned Plaintiff not visible, detectable or discernible to business invitees, such as Plaintiff using the bathhouse.

22. At the aforesaid time and place, the collection and accumulation of carbon monoxide within the bathhouse was an unreasonably dangerous condition of the Premises, directly caused by Defendants' individual, joint and/or several negligence and carelessness.

23. The dangerous condition in the aforesaid area constituted a reasonably foreseeable risk of harm for business invitees such as Plaintiff.

24. The Defendants, individually, jointly and/or severally, directly and/or by and through their respective agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the scope and authority of said relationships created and/or caused the existence of the dangerous condition resulting in Plaintiff's poisoning it.

25. The Defendants had actual and/or constructive notice of the existence of the dangerous condition for a sufficient time prior to Plaintiff's poisoning to have taken measures to correct it and/or to properly warn business invitees such as Plaintiff of it.

26. At no time relevant to Plaintiff's poisoning was there any warning or notice to business invitees such as Plaintiff of the existence of the hazardous condition created by the carbon monoxide.

27. Defendants' negligence and carelessness, and the resulting dangerous condition of the Premises were the direct and proximate cause of Plaintiff's poisoning and resulting illness and injuries.

28. At all times material hereto, Plaintiff was exercising due care and caution for her safety and in no manner contributed to her poisoning or her resulting illness and injuries.

29. Defendants' negligence and carelessness, and the resulting hazardous condition of the Premises were the direct and proximate cause of Plaintiff's poisoning and resulting illness and injuries.

30. As a direct and proximate result of the individual, joint, and/or several negligence and carelessness of Defendants, the resulting hazardous condition, and Plaintiff's subsequent poisoning, Plaintiff suffered and/or may continue to suffer severe and potentially permanent health conditions, physical illness and injuries, severe pain, anxiety, depression, emotional distress, embarrassment, loss of life's pleasures and enjoyment of life.

31. As a direct and proximate result of the individual, joint, and/or several negligence and carelessness of Defendants, the resulting hazardous condition, Plaintiff's subsequent poisoning and her illness and injuries, Plaintiff has undergone and/or may in the future undergo reasonable and necessary medical treatments.

32. As a direct and proximate result of the individual, joint, and/or several negligence and carelessness of Defendants, the resulting hazardous condition, Plaintiff's subsequent poisoning and her illness and injuries, Plaintiff has incurred and/or may in the future incur medical expenses for the care and treatment of her illness and injuries.

33. As a direct and proximate result of the individual, joint, and/or several negligence and carelessness of Defendants, the resulting hazardous condition, Plaintiff's subsequent poisoning and her illness and injuries, Plaintiff has been and/or may in the future be hindered and/or prevented from attending to and/or fully performing her usual and customary duties, avocations and/or hobbies.

34. As a direct and proximate result of the individual, joint, and/or several negligence and carelessness of Defendants, the resulting hazardous condition, Plaintiff's subsequent poisoning and her illness and injuries, Plaintiff has been and/or in the future may be prevented from being gainfully employed, resulting in a loss of earning and/or an impairment of her earning capacity.

35. As a direct and proximate result of the individual, joint, and/or several negligence and carelessness of Defendants, the resulting hazardous condition, Plaintiff's subsequent poisoning and her illness and injuries, Plaintiff has been and/or may in the future be required to spend money for household help.

## COUNT I - NEGLIGENCE
## VERA CORREIA
## V.
## ALL DEFENDANTS

36. Plaintiff incorporates herein, by reference, the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

37. The individual, joint, and/or several negligence and carelessness of Defendants, individually, jointly and/or severally, directly and/or by and through their duly authorized agents, ostensible agents, servants, borrowed servants, workmen and/or employees, acting in the course and scope of such relationship, included the following:

   a. creating a hazardous, about which it knew and/or should have known;

   b. permitting the hazardous condition to exist on the Premises for an excessive period of time;

   c. failing to regularly and/or properly inspect the Premises for such hazardous conditions;

   d. failing to warn business invitees such as Plaintiff of the hazardous condition;

e. failing to take reasonable measures under the circumstances to protect business invitees such as Plaintiff from a foreseeable risk of injury;

f. creating and/or permitting a dangerous accumulation of carbon monoxide in an area intended for use by business invites such as Plaintiff;

g. failing to properly design, install, construct, maintain and/or control the aforesaid heater and its exhaust system;

h. Failing to hire, employ, or retain agents, ostensible agents, servants, borrowed servants, workmen, employees, contractors, and/or subcontractors who were competent to maintain, manage, modify, renovate, construct, design, control, inspect, clean, and repair the Premises and its conditions fixtures, appliances, and systems;

i. Failing to properly supervise, train, advise, direct, manage and/or monitor Defendants' agents, ostensible agents, servants, borrowed servants, workmen, employees, contractors, and/or subcontractors, in the performance, execution, and completion of their duties in maintaining, managing, modifying, renovating, constructing, designing, controlling, inspecting, cleaning, and repairing, the Premises and its conditions, fixtures, appliances, and systems;

j. Violating Defendants' own safety requirements, procedures and policies with regard to the maintenance, management, modification, renovation, construction, design, control, inspection, cleaning, and repair of the Premises;

k. Failing to comply with industry standards regarding maintenance, management, modification, renovation, construction, design, control, inspection, cleaning, and repair of combustion appliances and their exhaust systems;

l. Failing to comply with local building codes and regulations, International Property Maintenance Code sections 304.1, 304.10, 304.12 and 306.1 and other applicable laws and regulations of the Commonwealth of Pennsylvania; and

m. Placing Defendant's pecuniary interests above the safety and wellbeing of the Property's residents such as Plaintiff.

WHEREFORE, Plaintiff, Vera Correia, demands judgment in her favor and against Defendants amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with such further relief as may be appropriate.

## COUNT II – LOSS OF CONSORTIUM
## ARMANDO JORGE CORREIA
## V.
## ALL DEFENDANTS

38. Plaintiff Husband hereby incorporates the preceding paragraphs of this Complaint as if set forth fully herein at length.

39. Plaintiff Husband has expended specific time, care and/or assistance of his spouse as a direct and proximate result of her illness and injuries as set forth herein.

40. As a direct and proximate result of Plaintiff's illness and injuries, Plaintiff Husband has lost his spouse's society, support, affection, financial assistance and/or companionship, much to her own ongoing suffering.

WHEREFORE, Plaintiff Husband demands judgment in his favor and against favor and against Defendants amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with such further relief as may be appropriate.

Date: 8/27/19

OSTROFF INJURY LAW, PC
Attorneys for Plaintiff

By: Richard Godshall
Richard A. Godshall, Esquire - #93467
Ostroff Law, P.C.
518 E. Township Line Road, Suite 100
Blue Bell, PA 19422
(610)279-7000

## **V E R I F I C A T I O N**

I, Richard Godshall, Esquire, hereby verify that I am an attorney for Plaintiffs, that I am authorized to make this verification on their behalf, and that the statements made in the foregoing Complaint are solely from the file and record of this case as known by Plaintiffs and are true and correct to the best of my knowledge, information and belief.

I understand that the statements therein are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

_Richard Godshall_
Richard Godshall, Esquire

Dated: 8/27/19